THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 The State, Respondent,
 
 
 
 
 

v.

 
 
 
 
 Lemar Thomas
 Mack, Appellant.
 
 
 
 
 

Appeal From Charleston County
J. Derham Cole, Circuit Court Judge

Unpublished Opinion No. 2010-UP-550
 Submitted December 1, 2010  Filed
December 17, 2010

AFFIRMED

 
 
 
 Appellate Defender Elizabeth A.
 Franklin-Best, of Columbia, for Appellant.
 Attorney General Henry Dargan McMaster,
 Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney
 General Salley W. Elliott, and Assistant Attorney General William M. Blitch,
 Jr., all of Columbia; and Solicitor Scarlett Anne Wilson, of Charleston, for
 Respondent.
 
 
 

PER CURIAM:  Lemar
 Thomas Mack appeals his convictions for kidnapping, armed robbery, and assault
 and battery with intent to kill (ABWIK), arguing the circuit court erroneously
 admitted an unduly suggestive photographic lineup and allowed an unreliable
 in-court identification by the victim.  We affirm.[1]
When assessing the
 admissibility of an eyewitness identification, a court must apply a two-prong
 test.  State v. Moore, 343 S.C.
 282, 287, 540 S.E.2d 445, 447.  First, it
 must determine whether the confrontation procedure used by the police was
 unduly suggestive.  Id.  Only if the procedure was unduly suggestive must
 a court decide whether "under [the totality of] the circumstances the
 identification was reliable notwithstanding any suggestive procedure."  Id. at 287, 540 S.E.2d at 447-48 (citations and internal quotation marks omitted).  Factors to consider in "evaluating the
 likelihood of a misidentification" include the following:

 [T]he
 opportunity of the witness to view the criminal at the time of the crime, the
 witness'[s] degree of attention, the accuracy of the witness'[s] prior
 description of the criminal, the level of certainty demonstrated by the witness
 at the confrontation, and the length of time between the crime and the
 confrontation.

Neil v. Biggers, 409 U.S. 188, 199-200 (1972).
Here, the circuit court did
 not abuse its discretion when it admitted the photographic lineup and the
 in-court identification of Mack.  The photographic lineup was not unduly
 suggestive.   See State
 v. Roberts, 522 S.E.2d 130, 133 (N.C. Ct. App. 1999) ("[T]he police's
 inability to include individuals in the lineup that shared defendant's unique
 physical appearance 'cannot be attributed to the officers or regarded as the
 kind of rigged "suggestiveness" in identification procedures
 [prohibited by due process].'" (citation omitted)); State v. Simmons,
 384 S.C. 145, 168, 682 S.E.2d 19, 31 (Ct. App. 2009) (finding lineup
 appropriate when the suspect's "ears were smaller than those of the other
 individuals in the [lineup]").
Regardless of the
 suggestiveness of the lineup, the circuit court's finding both the out-of-court
 and in-court identifications were reliable under the totality of the
 circumstances is reasonable.  First, the victim had multiple opportunities to
 view the face of her assailant for extended periods of time.  Second, the
 victim's proximity to her assailant, her status as victim, and her detailed
 account of the event implies her focused attention on her assailant.  Third,
 her descriptions of her assailant's height and age, notwithstanding his crossed
 eye, are consistent with Mack's features at the time of his arrest.  Fourth, the
 victim was confident enough Mack was her assailant to pick him "right
 away."  Finally, her identification of Mack in the photographic lineup
 occurred only two days after the crime.  These facts are sufficient for the
 circuit court to reasonably find a misidentification substantially unlikely.  Accordingly, the decision of the circuit court is
AFFIRMED.
THOMAS,
 PIEPER, and GEATHERS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.